# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TED FAULKNER,<br><br>  Plaintiff,<br><br>  v.<br><br>COSTCO WHOLESALE CORPORATION; SIEMENS CORPORATION; and DOES 1 through 100, Inclusive,<br><br>  Defendants. | 1:12-cv-00462 LJO GSA<br><br>**ORDER ELECTING NOT TO ADOPT THE PARTIES' STIPULATION TO EXTEND CERTAIN DISCOVERY DEADLINES** |

On September 17, 2012, this Court issued its Scheduling Conference Order, setting all discovery and trial-related deadlines and hearing dates. (Doc. 13.)

On December 7, 2012, the parties to the action filed a Stipulation to Extend Expert and Fact Discovery Deadlines. More particularly, the parties sought to extend the following: initial expert disclosure, supplemental expert disclosure, non-expert discovery cutoff, expert discovery cutoff, pretrial motion filing and hearing deadlines. (Doc. 14.)

For the reasons that follow, the Court will not adopt the parties' stipulation. *See* Local Rule 143(b) (Stipulations are not effective unless approved by the Court).

//

1

Significantly, the parties have not established good cause. At page six, paragraph nine, of the Scheduling Conference Order, the parties were advised that "[s]tipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested." (Doc. 13.) The mere fact the parties agree that they need additional time within which to conduct expert and fact discovery does not equate to nor establish good cause.

Additionally, this Court notes that with a jury trial set to commence October 29, 2013, moving these discovery deadlines in the absence of changes to both the pretrial trial conference and the date for jury trial leaves an insufficient amount of time between the filing of pretrial motions and related hearing, and the pretrial conference. For instance, if the Court were to adopt the parties' stipulation and extend the pretrial motion filing deadline to July 12, 2013 and the hearing deadline to August 16, 2013, that would leave only nineteen (19) days between the hearing date and the pretrial conference of September 4, 2013. District Judge Lawrence J. O'Neill requires a minimum of about forty-five (45) days, or six weeks, between the pretrial motion hearing date and the pretrial conference. Additionally, Judge O'Neill requires at least sixty (60) days between the pretrial conference and the date set for trial.

Accordingly, the parties may present a stipulation for this Court's consideration that (1) establishes the required good cause, and (2) allows for sufficient time between the pretrial motion hearing date and the pretrial conference. Alternatively, the parties may elect to offer alternative dates for the pretrial conference and jury trial in order for the Court to accommodate the dates they have already agreed upon in the stipulation filed December 7, 2012. The parties are advised that Judge O'Neill's trial calendar is heavily congested, however, as of this date, the following dates are available for jury trial: December 3 and December 17, 2013, and January 14 and 21, 2014.

//

//

1   In conclusion, unless the parties offer a stipulation that complies with the requirements
2 discussed above, the Scheduling Conference Order dated September 17, 2012, and all deadlines
3 and dates referenced therein, remains operative.

5   IT IS SO ORDERED.

6   Dated:   **December 11, 2012**           /s/ **Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE

3